## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION – COLUMBUS

| | | |
|---|---|---|
| **SAMUEL MCKENZIE,** | : | |
| **2934 Howey Road** | : | **Case No.** |
| **Columbus, Ohio 43224,** | : | |
| | : | **Judge** |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **JURY DEMAND ENDORCED HEREON** |
| **CITY OF COLUMBUS,** | : | |
| **77 North Front Street, 1st Floor** | : | |
| **Columbus, Ohio 43215,** | : | |
| | : | |
|     **Defendant.** | : | |

## COMPLAINT

Now comes Plaintiff, Samuel McKenzie (hereafter "Plaintiff"), by and through undersigned counsel, and files their Complaint against Defendant City of Columbus (hereafter "Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f), and Title 4112 of the Ohio Revised Code.

2. Defendant is a Municipal Corporation in the State of Ohio, County of Franklin. At all times alleged herein Defendant was Plaintiff's employer as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b), and Title 4112 of the Ohio Revised Code.

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violated alleged herein is conferred pursuant to 28 USC § 1331, 42 USC § 2000e, and supplemental jurisdiction pursuant to 28 USCS § 1367.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5. Plaintiff satisfied all pre-requisites for filing suit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

7. Plaintiff is an African American male.

8. Defendant hired Plaintiff to work in Defendant's Public Service Department in October 2015. Plaintiff worked as a Refuse Container Assembly Repairer ("RCAR") in the Marion Road Warehouse Refuse division.

9. Plaintiff is one of only two African American employees in the Marion Road Warehouse.

10. Plaintiff routinely received good performance reviews in his position.

11. Plaintiff's direct supervisor was Loren Brosie, a Caucasian male.

12. Brosie used racially derogatory terms in conversations with coworkers. Brosie used the term nigger in conversation with African American coworkers and stated that next time he would hire Mexican workers to get the job done faster.

13. Plaintiff reported Brosie's racially derogatory comments to Human Resources.

14. Human Resources investigated and concluded Brosie made racially derogatory comments.

15. Brosie resigned his position with Defendant.

16. In May 2022, Caleb Maynard was assigned as Plaintiff's supervisor.

17. Maynard is a Caucasian male.

18. After Maynard became Plaintiff's supervisor, Maynard treated Plaintiff differently. For example:

    a. Maynard funnels instructions to Plaintiff through other employees instead of speaking to Plaintiff directly;

    b. Maynard tracks Plaintiff on his work route through GPS and has followed Plaintiff on his route without tracking or following any Caucasian employees;

    c. Maynard criticizes Plaintiff's route management;

    d. Maynard issued discipline to Plaintiff for incorrect GPS instructions without disciplining other Caucasian employees for the same mistakes.

19. Additionally, Maynard overlooked Plaintiff for a supervisor position at the Refuse station for which Plaintiff was qualified due to his experience as an RCAR. Maynard offered that same supervisor position to all Caucasian employees in Plaintiff's position, including the probationary employees with less seniority.

20. In July 2022, Plaintiff reported to Human Resources that Maynard treated him differently than his Caucasian coworkers because of Plaintiff's race.

21. After Plaintiff reported his concerns about Maynard to Human Resources and Human Resources initiated an investigation, Maynard issued two disciplinary actions to Plaintiff.

22. On September 8, 2022, Maynard issued a disciplinary action to Plaintiff for incorrect GPS instructions and accused Plaintiff of not following his route.

23. On September 13, 2022, Maynard issued a disciplinary action to Plaintiff for allegedly refusing to use the routing software when it took Plaintiff longer to arrive at a destination.

24. Plaintiff received a 15-day suspension for both disciplinary actions.

25. Defendant denied Plaintiff merit raises and a promotion since Plaintiff reported Brosie's racially derogatory comments.

26. Defendant treats Plaintiff differently because of Plaintiff's race.

## COUNT I
### Violation of Title VII, 42 USC § 2000e, *et seq*. and Ohio R.C. 4112
### Race Discrimination – Failure to Promote

27. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

28. Plaintiff is African American and is a member of a protected class.

29. Plaintiff was qualified for the supervisory position due to his good performance reviews and seniority.

30. Plaintiff expressed his interest in the supervisory position and requested to be considered for the promotion.

31. Plaintiff was not awarded or offered the supervisory position.

32. Instead, Defendant offered the supervisory position to all other Caucasian employees in Plaintiff's position, including probationary employees.

33. Plaintiff was treated differently than other similarly situated Caucasian employees.

34. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race.

35. Defendant acted with malice and/or reckless malfeasance to Plaintiff's protected rights when Defendant failed to promote or even consider Plaintiff for a promotion, and for such willful conduct, Defendant is liable for punitive damages.

36. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff suffered damages including, but not limited to, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, attorney fees and costs, and other benefits to which he was entitled in an amount to be determined at trial.

### COUNT II
### Violation of Title VII, 42 USC § 2000e, *et seq*. Ohio R.C. 4112
### Race Discrimination – Disparate Treatment

37. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

38. Plaintiff is African American and is a member of a protected class.

39. Plaintiff was qualified for his position as RCAR and received good performance reviews during his tenure.

40. Plaintiff was treated differently than other similarly situated Caucasian employees.

41. Defendant did not award Plaintiff merit pay increases despite his good performance reviews and even though Plaintiff's Caucasian coworkers were awarded merit pay increases with similar job performance.

42. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race.

43. Defendant acted with malice and/or reckless malfeasance to Plaintiff's protected rights when Defendant failed to promote or even consider Plaintiff for a promotion, and for such willful conduct, Defendant is liable for punitive damages.

44. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff suffered damages including, but not limited to, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, attorney fees and costs, and other benefits to which he was entitled in an amount to be determined at trial

## COUNT III
### Violation of Title VII, 42 USC § 2000e, *et seq*. and Ohio R.C. 4112
### Retaliation

45. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

46. Plaintiff reported the inappropriate comments and his supervisor's unequal treatment to Human Resources on more than one occasion.

47. After Plaintiff reported these issues to Human Resources, Defendant disciplined Plaintiff, refused to award Plaintiff merit increases, and denied Plaintiff a promotion.

48. Plaintiff's protected activities, including but not limited to his reports regarding his supervisor's racially derogatory comments and his supervisor's unequal treatment regarding Plaintiff's job duties, are causally connected to Plaintiff's disciplinary actions, lack of merit pay increase, and promotion denial.

49. Defendant's actions constitute retaliation as prohibited by Title VII and Title 4112 of the Ohio Revised Code.

50. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff suffered damages including, but not limited to, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, attorney fees and costs, and other benefits to which he was entitled in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Samuel Mackenzie prays this Court award a judgment against Defendant City of Columbus on all counts for compensatory and punitive damages including, but not limited to, emotion and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable

attorney fees incurred relating to this action; ALTOGETHER WITH such other relief as may be just, necessary, and proper.

        Respectfully submitted,

        KEMP, SCHAEFFER, & ROWE CO., L.P.A.

        /s/ Erica Ann Probst
        Erica Ann Probst #0073486
        Andrea L. Salvino #0097768
        88 West Mound Street
        Columbus, Ohio 43215
        (614) 232-8692
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com
               ASalvino@ksrlegal.com

        *Counsel for Plaintiff*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

        Respectfully submitted,

        KEMP, SCHAEFFER, & ROWE CO., L.P.A.

        /s/ Erica Ann Probst
        Erica Ann Probst #0073486
        Andrea L. Salvino #0097768
        88 West Mound Street
        Columbus, Ohio 43215
        (614) 232-8692
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com
               ASalvino@ksrlegal.com

        *Counsel for Plaintiff*